UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOHN R. PROVENZANO,               )      NO. ED CV 05-00971-CT
                                  )
                Plaintiff,        )      OPINION AND ORDER
                                  )
        v.                        )
                                  )
JO ANNE B. BARNHART,              )
COMMISSIONER, SOCIAL SECURITY     )
ADMINISTRATION,                   )
                                  )
                Defendant.        )
                                  )
_____ )

For the reasons set forth below, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to defendant Commissioner of Social Security ("the Commissioner") for further administrative action consistent with this opinion and order.

SUMMARY OF PROCEEDINGS

On October 25, 2005, plaintiff, John R. Provenzano ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). On November 21, 2005, the parties filed a consent to proceed before the magistrate judge. On February 8, 2006, plaintiff filed a brief with points and authorities in support of remand or reversal. On March

10, 2006, the Commissioner  filed a brief in opposition to the relief requested in the complaint.

SUMMARY OF ADMINISTRATIVE RECORD

1.   Proceedings

On February 4, 2003 plaintiff filed an application for Supplemental Security Income ("SSI"), alleging disability since March 11, 2000 due to torn rotator cuff, cataract, asthma, chronic obstructive pulmonary disease and depression.  (TR 53).[1]  The application was denied initially and upon reconsideration.  (TR 22-25, 29-32).

On November 21, 2003, plaintiff filed a request for a hearing before an administrative law judge ("ALJ").  (TR 37).  On May 26, 2005, plaintiff, represented by an attorney, appeared and testified before an ALJ.  (TR 255-79).  The ALJ also considered vocational expert ("VE") testimony.  On August 3, 2005, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act because there are a significant number of light jobs he can perform.  Thus, plaintiff was not eligible for benefits.  (TR 11-17).

On August 22, 2005, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision.  (TR 7).  On October 3, 2005, the request was denied.  (TR 4).  Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

//

//

//

---

[1]   "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

1        2.   Summary Of The Evidence

2        The ALJ's decision is contained at pages 11-17 of the

3    administrative record and materially summarizes the evidence in the

4    case.

5                        PLAINTIFF'S CONTENTIONS

6        Plaintiff essentially contends he is disabled and entitled to

7    benefits because:

8    1.   The ALJ did not properly consider Dr. Thacker's opinion;

9    2.   The ALJ did not consider Dr. Soliguen's opinion of functional

10        status;

11   3.   The ALJ did not properly consider plaintiff's wife's testimony;

12        and,

13   4.   The ALJ did not properly determine that plaintiff's mental

14        impairment is non-severe.

15                        STANDARD OF REVIEW

16       Under 42 U.S.C. §405(g), this court reviews the Commissioner's

17   decision to determine if: (1) the Commissioner's findings are supported

18   by substantial evidence; and, (2) the Commissioner used proper legal

19   standards.   Macri v. Chater , 93 F.3d 540, 543 (9th Cir. 1996).

20   Substantial evidence means "more than a mere scintilla," Richardson v.

21   Perales, 402 U.S. 389, 401 (1971), but less than a preponderance.

22   Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

23       When the evidence can reasonably support either affirming or

24   reversing the Commissioner's conclusion, however, the Court may not

25   substitute its judgment for that of the Commissioner.   Flaten v.

26   Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir.

27   1995).   The court has the authority to affirm, modify, or reverse the

28   Commissioner's decision "with or without remanding the cause for

1  rehearing." 42 U.S.C. §405(g).  Remand is appropriate where additional

2  proceedings would remedy defects in the Commissioner's decision.

3  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

4                              DISCUSSION

5      1.   The Sequential Evaluation

6      A person is "disabled" for the purpose of receiving social security

7  benefits if he or she is unable to "engage in any substantial gainful

8  activity by reason of any medically determinable physical or mental

9  impairment which can be expected to result in death or which has lasted

10  or can be expected to last for a continuous period of not less than 12

11  months."  42 U.S.C. §423(d)(1)(A).

12      The Commissioner has established a five-step sequential evaluation

13  for determining whether a person is disabled.  First, it is determined

14  whether the person is engaged in "substantial gainful activity."  If so,

15  benefits are denied.

16      Second, if the person is not so engaged, it is determined whether

17  the person has a medically severe impairment or combination of

18  impairments.  If the person does not have a severe impairment or

19  combination of impairments, benefits are denied.

20      Third, if the person has a severe impairment, it is determined

21  whether the impairment meets or equals one of a number of "listed

22  impairments." If the impairment meets or equals a "listed impairment,"

23  the person is conclusively presumed to be disabled.

24      Fourth, if the impairment does not meet or equal a "listed

25  impairment," it is determined whether the impairment prevents the person

26  from performing past relevant work.  If the person can perform past

27  relevant work, benefits are denied.

28      Fifth, if the person cannot perform past relevant work, the burden

1  shifts to the Commissioner to show that the person is able to perform

2  other kinds of work.   The person is entitled to benefits only if the

3  person is unable to perform other work.   20 C.F.R. §416.920; <u>Bowen v.</u>

4  <u>Yuckert</u>, 482 U.S. 137, 140-42 (1987).

5     2.   <u>Issues</u>

6        A.   <u>Dr. Thacker's and Dr. Soliquen's Opinions (Issues 1 and</u>

7             <u>2)</u>

8     Plaintiff contends that the ALJ failed to provide legally

9  sufficient reasons for rejecting the opinion of Swati Thacker, a

10 treating psychiatrist, who opined, contrary to the ALJ's findings, that

11 plaintiff has disabling restrictions from work.   He also argues that the

12 ALJ failed to consider Dr. Soliquen's opinion.

13    A treating physician's opinion generally is entitled to great

14 weight.   <u>See Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995)

15 (citation omitted). "The treating physician's opinion is not, however,

16 necessarily conclusive as to either a physical condition or the ultimate

17 issue of disability." <u>Andrews v. Shalala</u>, 53 at 1041 (citing <u>Magallanes</u>

18 <u>v. Bowen</u>, 881 F.2d at 751).   The weight given a treating physician's

19 opinion depends on whether it is supported by sufficient medical data

20 and is consistent with other evidence in the record.   <u>See</u> 20 C.F.R. §§

21 404.1527, 416.927.

22    The record in this case reveals that on July 30, 2005, plaintiff

23 sought a statement from Dr. Thacker of the Lucern Valley Counseling

24 Center for an unrelated county welfare program.   After checking a box

25 indicating plaintiff has limitations that affect his ability to work at

26 gainful employment, Dr. Thacker also checked boxes indicating

27 plaintiff's condition does not prevent him from providing care for

28 children in the home or require someone in the home to care for him.

1   (TR 163).  According to the record, this was plaintiff's only contact
2   with Dr. Thacker.

3        Plaintiff's  contention  that  the  ALJ  failed  to  consider  Dr.
4   Soliguen's opinion including a Global Assessment Functioning ("GAF")
5   score, is belied by the record.  While he did not mention Dr. Soliguen
6   by name, the ALJ's opinion clearly considered her assessment.  (TR 12-13
7   referencing exhibit 11).

8        The  record  does  not  reflect  that  Dr.  Thacker  was  a  treating
9   psychiatrist.  In any event, Dr. Thacker offered an opinion which is
10  completely  unsupported  by  medical  data  treatment.   The record  **does**
11  reflect the ALJ's consideration of Dr. Soliguen's opinion.

12       The ALJ's position on these issues is supported by substantial
13  evidence and free from legal error.

14            B.   Testimony of Plaintiff's Wife (Issue 3)

15       Plaintiff also asserts that the ALJ erred by failing to properly
16  consider the "testimony" of plaintiff's wife without providing adequate
17  reasons for rejecting that testimony.[2]  Plaintiff disagrees with the
18  ALJ's summary of plaintiff's wife's written statement.

19       "[D]escriptions by friends and family members in a position to
20  observe [plaintiff's] symptoms and daily activities have routinely
21  been treated as competent evidence."  Sprague v. Bowen, 812 F.2d
22  1226, 1232 (9ᵗʰ Cir. 1987); see also Crane v. Shalala, 76 F.3d 251,
23  254 (1996).  The ALJ may not discount witness reports solely
24  because they were procured by plaintiff.  Crane v. Shalala, 76 F.3d
25  at 254 (citing Ratto v. Secretary, Dept. of Health & Human Servs.,

26

27          [2]    Plaintiff's wife did not testify at the hearing.  Instead,
    plaintiff argues that the ALJ failed to properly consider the Third Party
    Daily Activities Questionnaire submitted by plaintiff's wife.  This third
28  party report is not made under oath.

839 F. Supp. 1415, 1426 (D. Or. 1993)).  Rather, if the ALJ wishes
to discount the testimony of a lay witness, he must give reasons
that are germane to that witness.  <u>Crane v. Shalala</u>, 76 F.3d at 254
(citing <u>Dodrill v. Shalala</u>, 12 F.3d 915, 919 (9th Cir. 1993)).

Here, the ALJ considered the third party daily activities
report submitted by plaintiff's wife and noted her motivation for
secondary gain.  (TR 73-78).  While plaintiff correctly observes
that the report reflects difficulties with, for example, memory and
contact with groups, the ALJ accurately summarized the report and
considered it.  Moreover, this report and plaintiff's daily
activities report also reflect that plaintiff takes care of dogs,
watches television, makes sandwiches, works in his yard, visits
family and goes out a couple of times a day.  (TR 73-82).  These
activities are consistent with the ALJ's determination that
plaintiff can do a limited range of light work.

The ALJ's consideration of plaintiff's wife's function report
is free from material legal error and supported by substantial
evidence.

C.   <u>Mental Impairment (Issue 4)</u>

Plaintiff, who did not graduate from high school, attended
special education classes while in school.  (TR 67).  His wife
claims he is severely depressed (TR 78) and he is getting some
counseling and taking medication for depression. (TR 93).

On September 26, 2003, plaintiff was involuntarily brought to
the hospital by law enforcement, involuntarily admitted and
diagnosed with a single episode of major depression and alcohol and

marijuana abuse. (TR 125-26, 129).[3] On April 16, 2005, he was also involuntarily admitted to the hospital after expressing suicidal intent and banging his head against the cage of the car of the law enforcement officers who brought him there. (TR 166). Medical records reflect that he reported depression since age 15, heroin use for 17 years as well as methamphetamine, LSD, PCP, marijuana and alcohol use. (TR 171). He has spent time in prison. (TR 173-74).

Against this backdrop, plaintiff contends that the ALJ's finding that plaintiff "has no severe mental impairment beyond the continuing use of alcohol and marijuana" is not supported by the evidence in this case.

A mental impairment, such as depression or psychoneurosis, may constitute a disability within the meaning of the Act. See Briggs v. Sullivan, 954 F.2d 534, 535 (9th Cir. 1992). However, the mere presence of a mental impairment does not establish entitlement to benefits. In order for plaintiff to recover benefits, the evidence must establish that the impairment is accompanied by a physiological or functional loss establishing an inability to engage in substantial gainful activity. Barker v. Secretary of Health & Human Servs., 882 F.2d 1474, 1477-78 (9th Cir. 1989). An impairment will be considered nonsevere when medical evidence establishes only a "slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on the individual's ability to work even if the individual's age, education, or work experience were specifically considered."

---

[3]The record appears to reflect another psychiatric "5150" admission on August 11, 2003. (TR 224).

1    Social Security Ruling 85-28; <u>Bowen v. Yuckert</u>, 482 U.S. at 154

2    n.12.

3        In 1996, Congress amended the provisions of Title II of the

4    Act to provide that "[a]n individual shall not be considered to be

5    disabled for purposes of this title if alcoholism or drug abuse

6    would (but for this paragraph) be a contributing factor material to

7    the Commissioner's determination that the individual is disabled."

8    42 U.S.C. § 423(d)(2)(C).  Where there is medical evidence of drug

9    addiction or alcoholism, the implementing regulations provide that

10   the ALJ must decide whether the plaintiff still would be disabled

11   if the plaintiff stopped using drugs or alcohol.  <u>See</u> 20 C.F.R. §

12   416.935.  If so, the drug or alcohol abuse is not a contributing

13   factor material to the disability.  <u>Id.</u>  However, if the remaining

14   impairments would not be disabling, then drug or alcohol addiction

15   is a contributing factor material to the finding of disability, and

16   the plaintiff is not entitled to benefits.   <u>Id.</u>

17       The ALJ should undertake this analysis only after completing

18   the five-step sequential evaluation process set forth in 20 C.F.R.

19   § 416.920.  If the ALJ determines that the plaintiff is not

20   disabled at the end of the five-step sequential evaluation, then no

21   analysis of the effects of drug addiction or alcoholism ("DAA") is

22   required.  <u>See</u> 20 C.F.R. § 416.935(a) ("*[i]f* we find that you are

23   disabled and have medical evidence of your drug addiction or

24   alcoholism, we must determine whether your drug addiction or

25   alcoholism is a contributing factor material to the determination

26   of disability") (emphasis added).  If, however, the plaintiff is

27   found to be disabled at the conclusion of the five-step sequential

28   evaluation, it is necessary to determine the materiality of any

1  DAA.  Id.  See also Bustamonte v. Massanari, 262 F.3d 949, 955 (9th

2  Cir. 2001).  In Ball v. Massanari, the Ninth Circuit stated that

3  "[i]n  materiality  determinations  pursuant  to  42  U.S.C.  §

4  423(d)(2)(C), the [plaintiff] bears the burden of proving that his

5  alcoholism or drug addiction is not a contributing factor material

6  to his disability determination." 254 F.3d 817, 821 (9th Cir. 2001)

7  (citation omitted).

8       Here, the ALJ determined at step two of the sequential

9  evaluation that plaintiff's mental impairment was not severe, and

10 thus not disabling, absent alcohol and marijuana use.   While

11 plaintiff may not ultimately be entitled to benefits if his

12 substance abuse is a contributing material factor to a disability

13 determination, if any, the ALJ erred in his analysis of this issue.

14      This case is remanded this case to Commissioner for further

15 development of the record with regard to the nature and severity of

16 plaintiff's  mental  impairment  which  is  severe  based  on  the

17 substantial evidence of record.  If plaintiff's mental impairment

18 is severe and disabling, then the Commissioner must determine

19 whether plaintiff's substance abuse is a contributing factor

20 material to the disability determination.

21      The Commissioner may wish to have plaintiff undergo a

22 consultative psychiatric examination and obtain the testimony of an

23 appropriate medical expert on this issue.  If so, the Commissioner

24 should ask the psychiatric examiner and/or medical examiner to

25 opine specifically whether plaintiff, if disabled, would still be

26 disabled under the Act if he ceased substance abuse.  See 20 C.F.R.

27 § 416.935(a).

28

1                        **REMAND IS APPROPRIATE IN THIS CASE**

2         The decision whether to remand a case for additional evidence

3 is within the discretion of the court.  <u>Sprague v. Bowen</u>, 812 F.2d

4 1226, 1232 (9th Cir. 1987).  Remand is appropriate if the record is

5 incomplete and additional proceedings would remedy defects in the

6 Commissioner's decision.  <u>McAllister v. Sullivan</u>, 888 F.2d at 603.

7         Having considered the record as a whole, it appears that the

8 present record is insufficiently developed.

9                                   **CONCLUSION**

10         Accordingly, it is ordered that the matter be **REMANDED**

11 pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner

12 for further administrative action consistent with this opinion.

13         This opinion constitutes the court's findings of fact and

14 conclusions of law.

15 DATED: March 14, 2006

16                        _____/s/_____

17                        CAROLYN TURCHIN<br>                       UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28